# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.W., a minor, by RYAN WAGNER and WHITNEY BROSCIOUS, his parents, | No. 4:20-CV-0018 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| SHIKELLAMY SCHOOL DISTRICT, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 7, 2020

**I.     BACKGROUND**

On December 26, 2019, Plaintiffs (M.W., a minor, and his parents, Ryan Wagner and Whitney Broscious) filed a complaint in the Court of Common Pleas of Northumberland County, Pennsylvania.[1] Count I alleges that Defendant Shikellamy School District violated Title IX, 20 U.S.C. § 1681.[2] Count II alleges that Shikellamy violated 42 U.S.C. § 1983.[3]

---

1   *See* Doc. 1-1.

2   Doc. 1-1 at ¶¶ 11-21.

3   Doc. 1-1 at ¶¶ 22-28.  At first, Plaintiffs requested punitive damages on each of these counts; Plaintiffs have recently withdrawn this request.  *See* Docs. 1-1, 12 at 12.

Shikellamy removed Plaintiffs' case to this Court.[4]  Now Shikellamy moves to dismiss Plaintiffs' complaint for failure to state a claim.[5]  The Court grants Shikellamy's motion.  Plaintiffs will have the opportunity to amend their complaint.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[6] and "streamlines litigation by dispensing with needless discovery and factfinding."[7] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[8] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[9]

---

[4] *See* Doc. 1.

[5] *See* Doc. 5.

[6] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).

[7] *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

[8] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).

[9] *Neitzke*, 490 U.S. at 327.

Following the Roberts Court's "civil procedure revival,"[10] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[11] and *Ashcroft v. Iqbal*[12] tightened the standard that district courts must apply to 12(b)(6) motions.[13] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[14]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[17] Moreover, "[a]sking for plausible grounds . . . calls for enough facts

---

[10] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).

[11] 550 U.S. 544 (2007).

[12] 556 U.S. 662, 678 (2009).

[13] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[14] *Id.*

[15] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[16] *Id*.

[17] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[18]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[20]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[21] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[22] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

---

[18] *Twombly*, 550 U.S. at 556.

[19] *Iqbal*, 556 U.S. at 679.

[20] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[21] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[22] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").

[23] *Iqbal*, 556 U.S. at 678.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[24]

### B. Facts Alleged in the Complaint

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

Shikellamy operates Beck Elementary School in Sunbury, Pennsylvania.[25] In school year 2016-2017, M.W. was a kindergarten student attending Beck.[26] In late spring 2016, M.W. was sexually accosted by another student while attending gym class. The other student told M.W. he would give M.W. a pair of sunglasses if he could pull down M.W.'s pants and lick his penis.[27] The other student proceeded to pull down M.W.'s pants and perform this sexual act on him.[28]

The above occurred during a gym class in which the staff had left the room unattended.[29] This conduct, and related conduct, had been ongoing for some

---

[24] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

[25] Doc. 1-1 at ¶ 4.

[26] Doc. 1-1 at ¶ 5. Wagner and Broscious are M.W.'s parents and reside in Sunbury. Doc. 1-1 at ¶ 2.

[27] Doc. 1-1 at ¶ 6.

[28] Doc. 1-1 at ¶ 7.

[29] Doc. 1-1 at ¶ 8.

period of time during the school year. The school staff was aware of the conduct, but they did not take any corrective action.[30]

### C. Analysis

#### 1. Plaintiffs' Title IX Claim

##### a. Legal Standards

To assert a Title IX claim, a plaintiff must allege: (1) either *quid pro quo* sexual harassment or a sexually hostile environment; (2) he or she provided actual notice to an "appropriate person" who had authority to take corrective measures; and (3) the institution's response to the harassment amounted to deliberate indifference.[31]

An "appropriate person" is "an official who, at a minimum, has authority to address alleged discrimination and to institute corrective measures on the [district's] behalf."[32] "Actual notice must amount to actual knowledge of discrimination in the recipient's programs."[33] "Actual knowledge" requires knowledge of the underlying facts so to sufficiently indicate danger to the student, such that the institution can reasonably be said to be aware of the danger.[34]

---

[30] Doc. 1-1 at ¶ 9.

[31] *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291-92 (1998); *see also, e.g., M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 429 (M.D. Pa. 2014).

[32] *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 360 (3d Cir. 2005).

[33] *Id.*

[34] *Id.* at 360-61.

"Further, the response must amount to deliberate indifference to discrimination" – that is, "an official decision by the recipient not to remedy the violation."[35]

A plaintiff must allege a direct causal connection between the harassment and a school district's deliberate indifference, such that the school district can be said to "expose" its students to harassment or "cause" them to undergo the harassment "under the recipient's programs."[36]

### b. Analysis

Shikellamy argues that Plaintiff's complaint does not meet the *Twombly*/*Iqbal* pleading standard because it is conclusory and does not set out enough facts to be facially plausible.[37] Shikellamy points to two examples. First, the complaint "does not identify the appropriate person or persons who had actual knowledge of the [complained-of] conduct."[38] Second, the complaint does not allege "deliberate indifference."[39]

As Plaintiffs concede,[40] they have not – at least, not beyond vague, conclusory statements – alleged in a plausible fashion either (a) that they provided actual notice to an appropriate person, or (b) deliberate indifference on

---

[35] *Id.* at 360.

[36] *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 645 (1999).

[37] Doc. 8 at 8-9.

[38] Doc. 8 at 8.

[39] Doc. 8 at 8-9.

[40] *See* Doc. 12 at 6-7, 9-10.

Shikellamy's part.[41] The Court must then dismiss Plaintiffs' Count I on this basis. But the Court will allow Plaintiffs the opportunity to amend their complaint.

### 2. Plaintiffs' Section 1983 Claim

#### a. Legal Standards

Section 1983 of Title 42 of the United States Code provides a cause of action to redress violations of federal law that state officials commit.[42] Section 1983 does not provide a plaintiff substantive legal rights; rather, it merely allows a plaintiff redress for a defendant's underlying violations of constitutional rights.[43] To establish a claim under Section 1983, a plaintiff must demonstrate that: (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the complainant of rights secured under the Constitution or federal law.[44]

#### b. Analysis

Shikellamy argues that the deficiencies that doom Plaintiffs' Title IX claim also doom Plaintiffs' Section 1983 claim. Per Shikellamy, because of the above deficiencies, Plaintiffs cannot maintain a claim that Shikellamy, as a municipal school district, can be held liable under *Monell v. Department of Social Services*.[45]

---

[41] *See* Doc. 1-1.

[42] *See* 42 U.S.C. § 1983.

[43] *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 815 (1985).

[44] *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998).

[45] *See* Doc. 8 at 10-14.

Shikellamy argues that Plaintiffs have not set forth any affirmative policy or custom that Shikellamy maintained.[46] Shikellamy also argues that Plaintiffs have not set forth any deliberate indifference on Shikellamy's part.[47] Plaintiffs argue, in a conclusory fashion, that "there was a policy or custom of not ensuring that younger children were protected from student on student harassment."[48] But Plaintiffs concede that they "are thus far limited in the granular details of the Defendant's policies and customs as no discovery has occurred."[49]

As per the Court's analysis with respect to Count I, Plaintiffs' vague, conclusory complaint does not make out a plausible claim of *Monell* liability against Shikellamy. The Court must then dismiss Count II on this basis. But the Court will – as with Count I – allow Plaintiffs the opportunity to amend their complaint.

## III. CONCLUSION

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is granted. Plaintiffs are granted leave to amend. Plaintiff will be given twenty-one days from today's date to file an amended complaint. If no amended complaint is filed, the

---

[46] *See* Doc. 8 at 14-15.

[47] *See* Doc. 8 at 15-16.

[48] Doc. 12 at 11.

[49] Doc. 12 at 11-12.

action will be summarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge