# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.W., a minor, by RYAN WAGNER and WHITNEY BROSCIOUS, his parents, | No. 4:20-CV-00018 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| SHIKELLAMY SCHOOL DISTRICT, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 16, 2020

**I.   BACKGROUND**

I granted Defendant Shikellamy School District's previous motion to dismiss. After timely amendment, Shikellamy now moves to dismiss a second time. Its reasoning is the same. Shikellamy argues that Plaintiffs have not stated a claim. The Court denies Shikellamy's second motion to dismiss.

**II.   DISCUSSION**

    **A.   Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a

pleading"[1] and "streamlines litigation by dispensing with needless discovery and factfinding."[2] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[3] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[4]

Following the Roberts Court's "civil procedure revival,"[5] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[6] and *Ashcroft v. Iqbal*[7] tightened the standard that district courts must apply to 12(b)(6) motions.[8]  These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[9]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "Although the

---

[1]  *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (*citing Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[2]  *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).
[3]  *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[4]  *Neitzke*, 490 U.S. at 327.
[5]  Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313, 316, 319-20 (2012).
[6]  550 U.S. 544 (2007).
[7]  556 U.S. 662, 678 (2009).
[8]  *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[9]  *Id.*
[10]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[11]  *Id.*

plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[12] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[13]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[16] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18]

---

[12] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).
[13] *Twombly*, 550 U.S. at 556.
[14] *Iqbal*, 556 U.S. at 679.
[15] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).
[16] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).
[17] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[18] *Iqbal*, 556 U.S. at 678.

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[19]

### B.   Facts Alleged in the Amended Complaint

The facts alleged in Plaintiffs' amended complaint, which I must accept as true for the purposes of this motion, are as follows.

Shikellamy operates Beck Elementary School in Sunbury, Pennsylvania.[20] In school year 2016-2017, M.W. was a kindergarten student attending Beck.[21] That school year, M.W.'s kindergarten teacher was Ms. Day.  The school principal was Ms. Geiberson.  The school's gym teacher was Mr. Shively.[22]

Around late February to early March, M.W.'s parents noticed a change in M.W.'s behavior and attitude.  He began to act hostile to, and afraid of, school, when he had been a happy, enthusiastic kindergartener.  On two occasions, M.W. also brought home key chains that were not his.[23]

---

[19] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[20] Doc. 15 at ¶ 4.
[21] Doc. 15 at ¶ 5.  Wagner and Broscious are M.W.'s parents and reside in Sunbury. Doc. 15 at ¶ 2.
[22] Doc. 15 at ¶ 6.
[23] Doc. 15 at ¶ 5.

On a Friday in late spring 2017, M.W. was sexually accosted by another student, T., while attending gym class. The other student told M.W. he would give M.W. a pair of sunglasses if he could pull down M.W.'s pants and lick his penis.[24] The other student proceeded to pull down M.W.'s pants and perform this sexual act on him.[25] The above occurred during a gym class in which the staff had left the room unattended. M.W.'s mother learned that during this gym class, Mr. Shively had left the students unattended in order to get equipment.[26]

The school staff did not immediately advise M.W.'s parents of what had occurred; instead, M.W.'s parents learned of the incident through M.W.[27] Then, several days after the incident, M.W.'s mother went to the school and met with Ms. Geiberson, learning that the school staff were aware of the incident right after it occurred. M.W.'s mother also learned that Ms. Geiberson had had M.W. and T. watch the video in her office, and had imposed a disciplinary consequence upon T.[28]

M.W.'s parents learned that T. had been sexually harassing and bothering M.W. for approximately two months prior to the gym class incident. T. had been giving gifts, such as key rings, to M.W., in an attempt to ingratiate himself with

---

[24] Doc. 15 at ¶ 6.
[25] Doc. 15 at ¶ 7.
[26] Doc. 15 at ¶ 8.
[27] Doc. 15 at ¶ 9.
[28] Doc. 15 at ¶ 10.

M.W. These incidents had occurred in class and on the playground.[29] Ms. Day and Ms. Geiberson did not properly protect M.W. from this harassment and bullying.[30]

### C. Analysis

#### 1. Plaintiffs' Title IX Claim

##### a. Legal Standards

To assert a Title IX claim, a plaintiff must allege: (1) either *quid pro quo* sexual harassment or a sexually hostile environment; (2) he or she provided actual notice to an "appropriate person" who had authority to take corrective measures; and (3) the institution's response to the harassment amounted to deliberate indifference.[31]

An "appropriate person" is "an official who, at a minimum, has authority to address alleged discrimination and to institute corrective measures on the [district's] behalf."[32] "Actual notice must amount to actual knowledge of discrimination in the recipient's programs."[33] "Actual knowledge" requires knowledge of the underlying facts so to sufficiently indicate danger to the student, such that the institution can reasonably be said to be aware of the danger.[34]

---

[29] Doc. 15 at ¶ 11.
[30] Doc. 15 at ¶ 15.
[31] *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291-92 (1998); *see also, e.g.*, *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 429 (M.D. Pa. 2014).
[32] *Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 360 (3d Cir. 2005).
[33] *Id.*
[34] *Id.* at 360-61.

"Further, the response must amount to deliberate indifference to discrimination" – that is, "an official decision by the recipient not to remedy the violation."[35]

A plaintiff must allege a direct causal connection between the harassment and a school district's deliberate indifference, such that the school district can be said to "expose" its students to harassment or "cause" them to undergo the harassment "under the recipient's programs."[36]

### b. Analysis

Shikellamy argues that Plaintiffs have not plausibly alleged either (a) "that an appropriate person . . . had actual knowledge of the conduct"; or (b) "that an appropriate person . . . with actual knowledge of the conduct . . . acted with deliberate indifference."[37]

For actual knowledge, Plaintiffs ask the Court to rely on their "reasonably presum[ing] both that Ms. Day, as M.W.'s teacher, was aware of the ongoing sexual harassment, and that Ms. Day would have advised Ms. Geiberson, the school's principal and an undisputed "appropriate person," of the harassment. Discovery and summary judgment may corroborate Shikellamy's position. But this is an early stage in the proceedings. I must draw all inferences in the amended complaint in favor of Plaintiffs. Doing so, I find plausible grounds that Ms.

---

[35] *Id.* at 360.
[36] *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 645 (1999).
[37] Doc. 17 at 12.

Geiberson, based on Ms. Day's reporting, was aware of and had actual knowledge of the harassment at issue here.[38]

For deliberate indifference, Plaintiffs ask the Court to rely on their pleading that "Ms. Geiberson's and Ms. Day's failure to properly protect M.W. after a period of two months of sexually inappropriate harassment and bullying amounted to deliberate indifference."[39]  On similar reasoning to the above, given the procedural posture at this juncture, I find that Plaintiffs have alleged enough to withstand Shikellamy's motion to dismiss.[40] (Again, discovery may tell a different tale.)

### 2. Plaintiffs' Section 1983 Claim

#### a. Legal Standards

Section 1983 of Title 42 of the United States Code provides a cause of action to redress violations of federal law that state officials commit.[41]  Section 1983 does not provide a plaintiff substantive legal rights; rather, it merely allows a

---

[38] *See K.E. v. Dover Area Sch. Dist.*, No. 1:15-CV-1634, 2016 WL 2897614, at *8-*9 (M.D. Pa. May 18, 2016); *Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 776 n.5 (W.D. Tex. 2018); *Iaciofano v. Sch. Bd. of Broward Cty., Fla.*, No. 16-CV-60963, 2016 WL 4216326, at *3 (S.D. Fla. Aug. 10, 2016)*; see generally Montgomery v. Indep. Sch. Dist. No. 709*, 109 F. Supp. 2d 1081, 1099 (D. Minn. 2000).

[39] Doc. 15 at ¶ 15.

[40] *See Krebs v. New Kensington-Arnold Sch. Dist.*, No. CV 16-610, 2016 WL 6820402, at *4 (W.D. Pa. Nov. 17, 2016) ("The Supreme Court in *Davis* held a school district acted deliberately indifferent when it failed to respond adequately to a student's claim of sexual harassment at school, despite knowledge of the offending conduct."); *Kobrick v. Stevens*, No. CIV.A. 3:13-2865, 2014 WL 4914186, at *12 (M.D. Pa. Sept. 30, 2014); *McCann on behalf of J.M. v. York Sch. Dep't*, 365 F. Supp. 3d 132, 142 (D. Me. 2019).

[41] *See* 42 U.S.C. § 1983.

plaintiff redress for a defendant's underlying violations of constitutional rights.[42] To establish a claim under Section 1983, a plaintiff must demonstrate that: (1) the conduct complained of was committed by a person acting under the color of state law; and (2) the conduct deprived the complainant of rights secured under the Constitution or federal law.[43]

### b. Analysis

Shikellamy argues that Plaintiffs have not stated a claim that Shikellamy, as a municipal school district, can be held liable via *Monell v. Department of Social Services*.[44] There are two principal thrusts to this argument. First, Shikellamy argues that Plaintiffs have not stated a claim under the "failure to intervene" or municipal "inaction" *Monell* theory.[45] Second, Shikellamy argues that Plaintiffs have not stated a claim under the "policy" or "custom" *Monell* theories.[46]

The "failure to intervene" *Monell* theory proceeds in a like fashion to Plaintiffs' Title IX claim. Plaintiffs must plead that a Shikellamy policymaker took an action – or failed to take an action – with deliberate indifference that caused Plaintiffs' injury.[47] My above analysis on Title IX deliberate indifference,

---

[42] *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 815 (1985).
[43] *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998).
[44] *See* Doc. 17 at 13-19.
[45] *See* Doc. 17 at 15-18.
[46] *See* Doc. 17 at 18-19.
[47] *See Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

then, controls my decision on whether Plaintiffs have stated a Section 1983 claim under *Monell*. I hold that Plaintiffs have stated this claim.

## III. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
