IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| M.W., | : | No. 4:20-cv-00018-MWB |
| a minor, BY RYAN  WAGNER and | : | |
| WHITNEY BROSCIOUS, his parents | : | |
| Plaintiffs` | : | (Hon. Matthew W. Brann) |
| | : | |
| vs. | : | |
| | : | |
| SHIKELLAMY SCHOOL DISTRICT, | : | |
| Defendant | : | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**


Submitted By:


/s/James L. Best, Esquire
**James L. Best, Esquire**
**Pa. I.D. #62069**
**3 North 2nd Street**
**Sunbury, PA 17801**
**(570) 863-0102**
**jim@jimbestlaw.com**
**Attorney for the Plaintiffs**

# TABLE OF CONTENTS

**Page**
Nº

| I. | Procedural History | 4 |
| II. | Statement of the Facts | 4 |
| III. | Questions Presented | 6 |
| IV. | Legal Standards | 7 |
| V. | Argument | 7 |
| | A.  Count I - Title IX of 20 U.S.C. §1681 | 8 |
| VI. | Conclusion | 11 |
| | Certification of Word Count | 12 |
| | Certificate of Service | 13 |

TABLE OF CITATIONS

| *Case* | *Page* |
|---|---|
| *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) | 7 |
| *B.W. v. Career Technology Center of Lackawanna County,* 422 F.Supp.3d 859 (M.D. Pa. 2019) | 11 |
| *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629(1999) | 9 |
| *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 112 S. Ct. 1028 (1992) | 8 |
| in *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) | 8 |
| *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) | 7 |
| *Lansberry v. Altoona Area School District*, 318 F.Supp.3d 739, (W.D. Pa. 2018). | 9 |
| *Morgan v. Fiorentino*, 2019 WL 2642863 (M.D. 2019). | 7 |
| *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412 (M.D. Pa. 2014) | 8 |
| *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) | 7 |
| *Smith v. Mid-Valley School District*, 2019 WL 3202175 (M.D. Pa. 2019) | 8 |
| *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162,  (3d Cir. 2008) | 7 |

## I.   PROCEDURAL HISTORY

The Plaintiffs commenced this case by Writ of Summon in State Court on June 4, 2018 and filed a Complaint on December 26, 2019 against Defendant, Shikellamy School District. The Defendant removed the matter to the U.S. District Court for the Middle District of Pennsylvania, where it filed a Motion to Dismiss under F.R.C.P. 12(b)(6).  This Court denied that Motion on April 7, 2020 and allowed the Plaintiff to Amend their Complaint. The Plaintiffs filed an Amended Complaint on April 28, 2020 and discovery commenced.  At the close of discovery, the Defendant filed a Motion for Summary Judgement (ECF #29), which is now before the Court for disposition.[1]

## II.   STATEMENT OF FACTS

The Complaint in this action was filed by the parents of M.W., who is a young boy born July 7, 2011 and who in the 2016-2017 school year was attending kindergarten at Defendant school district's Beck Elementary School in Sunbury, Pennsylvania.  (Doc. 1, ¶¶2-5).  The parents allege that during the Spring of 2016, specifically May 5, 2017,  M.W. was sexually

---

[1] The Plaintiff does not oppose the Motion for Summary Judgement as to Count II, *Monell* Claim.

accosted by another student in gym class (Doc. 1-1, ¶6-7) who pulled down M.W.'s pants and performed a sex act upon the child. Based on statements made by M.W. to his parents, they believe and aver that the sexual assault occurred while the children were unsupervised (Doc. 1-1, ¶8) and that the sexual misbehavior had been ongoing and that the school staff was aware of this problem but had failed to take corrective acts (Doc. 1-1, ¶9). They further alleged that the sexual assault on M.W. caused the child compensable injuries. (Doc. 1-1. ¶10). The parents alleged that school security cameras recorded the assault and will be available in discovery. (Doc.1-1, ¶6.)

The Defendant has filed a Statement of Material Facts (ECF #28) with its Motion for Summary Judgement which sets forth its take on the facts of the case. The Plaintiff is contemporaneously filing a Response to this Statement. This Statement of Facts is *generally* accurate but omits the important fact that the Mother claims she advised the school authorities of the misbehavior directed against her son prior to the May 5, 2017 assault. The Plaintiffs assert that there is a genuine issue of material fact as to the notification of the misconduct to the school authorities which precludes

summary judgement on the Title IX, 20 U.S.C. §1681 claim.

The Mother testified at her Deposition that M.W. liked school up until about January 2017, when he began to act odd.  (N.T. Deposition 24:8-12).  A month or two before the incident of May 5, 2017, M.W. told his parents that a fellow student identified as "T" has pulled his pants down during recess. (N.T. Deposition 27: 13-15).  "T" also gave M.W. a number of gifts including toy figurines and sunglasses in a manner that the Plaintiffs believed was unusual for a kindergarten student. (N.T. Deposition 28:21-25, 29:1-2).  This information was brought to the attention of M.W.'s teacher, Ms. Glodek, at a parent - teacher conference in January or February of 2017. (N.T. Deposition 30:5-10).  Mother further testified that she had called and spoken to the school principal, Ms. Giberson, (N.T. Deposition 34:2-14) prior to the May 5, 2017 incident and related to Ms. Giberson that "T" has pulled M.W.'s pants down at recess.  She said that Ms. Giberson brushed off the concern. (N.T. Deposition 34:9).

### III.   STATEMENT OF QUESTIONS PRESENTED

1.   Whether the Court should grant the Defendant's Motion for Summary Judgement on Plaintiff's Title IX, U.S.C. §1681 claim"

Suggested Answer:     NO.

## IV.   LEGAL STANDARD

"Summary judgment is appropriate if the moving party establishes 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(a). A dispute is 'genuine' only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is 'material' only if it might affect the outcome of the action under the governing law. See *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence. See *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000))." *Morgan v. Fiorentino*, 2019 WL 2642863 (M.D. 2019).

## V.   ARGUMENT

### A.    COUNT I - TITLE IX U.S.C. §1681

Title IX provides in pertinent part that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).   "Title IX encompasses sexual harassment of a student by a teacher or another student and is enforceable through an implied private right of action for damages against a school district." *Smith v. Mid-Valley School District*, 2019 WL 3202175 (M.D. Pa. 2019); *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76, 112 S. Ct. 1028 (1992).  The elements of a Title IX cause of action for sexual harassment are set forth in  *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291–92, (1998) and applied in our District in  *M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 429 (M.D. Pa. 2014).  In order to prevail on this claim, the Plaintiff must establish:

1.    The existence of a sexually hostile educational environment;

2.    Actual notice by an "appropriate person" who has the authority to take corrective measures; and

3.     A response to the harassment that amounts to deliberate

indifference.

A "sexually hostile educational environment" is a term of art defined in

*Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999) and which

requires a Plaintiff to show (1) he suffered intentional discrimination

because of his sex, (2) the discrimination was pervasive and regular, (3) the

discrimination detrimentally affected him, and (4) the discrimination would

have detrimentally affected a reasonable person of her sex in his position.

The Mother of M.W. has alleged that he was sexually assaulted by a

fellow student on May 5, 2017; this element of the cause of action is not in

dispute.

The second element is the establishment of actual notice to an

appropriate person who could have taken protective action. The Plaintiff

must allege facts showing an "appropriate person" had notice of the abuse.

"An 'appropriate person' ... is, at minimum, an official of the recipient entity

with authority to take corrective action to end the discrimination." *Gebser*

*v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 277, 290, 118 S.Ct. 1989, 141

L.Ed.2d 277 (1998).   Examples of an "appropriate person" at a school

district include the superintendent, assistant superintendent, principal, and

assistant principal, provided they had authority to take corrective action to

end the discrimination. *Lansberry v. Altoona Area School District*, 318
F.Supp.3d 739, 751 (W.D. Pa. 2018).  Plaintiff's Mother has alleged that she
advised the Principal, Ms. Giberson, that "T" had pulled M.W.'s pants down
on the playground prior to the incident and that she took no action.  (N.T.
Deposition, 34:2-9, 38:4).  There is therefore a dispute of material fact as to
whether Plaintiff's mother advised the school principal that there was an
issue of "T" engaging in sexualized touching of M.W.

Third, there is a requirement that the appropriate person(s)
responded to their actual knowledge of the abuse and discrimination with
deliberate indifference to what they knew. *B.W. v. Career Technology*
*Center of Lackawanna County,* 422 F.Supp.3d 859 (M.D. Pa. 2019).
Deliberate indifference is an official decision to not remedy the violation.
*Gebser*, 524 U.S. at 290. "To show intent, Title IX plaintiffs must show that
an appropriate person was personally aware of facts demonstrating a real
danger to his or her student body—and that he or she made 'an official
decision ... not to remedy the violation.' " *B.W.,* at 878 citing Davis v. Monroe
County Bd. of Educ., 526 U.S. 629119 S.Ct. 16611. Mother asserts that Ms.
Giberson, having been made aware of the claim that "T" assaulted M.W.,
chose to brush it off.  Had Ms. Giberson taken action to protect M.W. from T,

the incident on May 5, 2017 should never have occurred.

.

## VI.   CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the

Defendant's Motion for Summary Judgement in accord with Federal Rule of

Civil Procedure 56  be denied as to the claim made under Title IX, 20 U.S.C.
§1681.

*Respectfully submitted by:*

/s/**James L. Best, Esquire**
**James L. Best, Esquire**
**Pa. I.D. #62069**
**3 North 2nd Street**
**Sunbury, PA 17801**
**(570) 863-0102**
**jim@jimbestlaw.com**
**Attorney for the Plaintiffs**

*CERTIFICATE OF WORD COUNT*

The undersigned hereby certifies that the Brief in Opposition to Defendant's Motion for Summary Judgement does not exceed 5000 words, and in submitting this certification, counsel has relied upon via word count feature of WordPerfect.  According to WordPerfect, the actual number of words used in this Brief is 1,989.

*CERTIFICATE OF SERVICE*

I hereby verify that I served a copy of the foregoing Motion to Extend/Enlarge Deadline for Brief  on the following via the US District Court ECF filing system at the address listed below on August 2, 2021:


Richard Polachek
Polachek Law Firm, P.C.
Phoenix Plaza
Suite 600
22 East Union Street
Wilkes-Barre, PA 18701-2723
*aflynn@polachekclarklaw.com*


Respectfully submitted,

  /s/ James L. Best
James L. Best, Esq.
Pa. I.D. #62069
3 North 2nd Street
Sunbury, PA 17801
Tel: (570) 863-0102
Fax: (570) 863-0102
*jim@jimbestlaw.com*
Attorney for the Plaintiffs